UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FIELDTURF USA, INC., a Florida corporation; FIELDTURF TARKETT, INC., a Canadian corporation,<br><br>          Plaintiffs,<br>v.<br><br>ASTROTURF, LLC., a Michigan limited liability company,<br><br>          Defendant. | Civil Action No. 2:10-cv-12492-SJM-MJH<br><br>Hon. Stephen J. Murphy, III.<br><br>Magistrate Judge Michael J. Hluchaniuk |

**PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Plaintiffs and Counterclaim Defendants FieldTurf USA, Inc. and FieldTurf Tarkett, Inc. ("FieldTurf") hereby answer, aver to and deny the allegations set forth in the Counterclaims of Defendant and Counterclaim Plaintiff AstroTurf, LLC ("AstroTurf"), and assert thereto, as follows:

**NATURE OF THE ACTION**

1. Paragraph 1 of AstroTurf's Counterclaims is a characterization of those Counterclaims to which no response is required. To the extent a response is required, FieldTurf admits that these Counterclaims purport to seek a declaratory judgment that the '412 patent is invalid, unenforceable and not infringed. FieldTurf also admits that these Counterclaims purport to state claims for Lanham Act violations, Unfair Competition, Product Disparagement and Defamation. FieldTurf denies that AstroTurf is entitled to any of the relief it seeks in its Counterclaims or Prayer for Relief.

**THE PARTIES**

2. Admitted, on information and belief.

1

3. Admitted.

4. Admitted.

## JURISDICTION AND VENUE

5. Paragraph 5 states legal conclusions to which no response is required. To the extent a response is required, FieldTurf states that for purposes of these Counterclaims only, it does not contest that this Court has subject matter jurisdiction over the stated Counterclaims. FieldTurf denies that AstroTurf is entitled to any of the relief it seeks in its Counterclaims or Prayer for Relief.

6. Paragraph 6 states legal conclusions to which no response is required. To the extent a response is required, FieldTurf states that for purposes of these Counterclaims, it does not contest that venue is proper in this District. FieldTurf denies that AstroTurf is entitled to any of the relief it seeks in its Counterclaims or Prayer for Relief.

## GENERAL ALLEGATIONS

7. FieldTurf admits that it, its predecessors or other affiliated entities installed at least one synthetic turf field in the United States prior to March 10, 1996.

8. FieldTurf admits that a synthetic turf field was installed at Kick City in Oregon prior to March 10, 1996. FieldTurf denies the remaining allegations of Paragraph 8.

9. Denied.

10. The allegations of Paragraph 10 contain legal conclusions to which no response is required. Further, the phrase "prior art" as used in this allegation is vague and undefined in context. To the extent a response is required, FieldTurf interprets "prior art" as used in this allegation to mean prior art material to the patentability of any claims of the '412 patent. FieldTurf therefore denies the allegations of Paragraph 10.

11. Admitted, on information and belief.

12. Denied.

13. Admitted, on information and belief.

14. Denied.

15. FieldTurf responds that the phrase "model" is vague and undefined in context. Further, even if that phrase was understandable, FieldTurf lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 15. Based on the foregoing, FieldTurf denies the allegations of Paragraph 15.

16. FieldTurf admits that it, its predecessors or other affiliated entities installed at least one synthetic turf field in the United States prior to March 10, 1996. FieldTurf denies the remainder of the allegations of Paragraph 16, including the allegation that FieldTurf installed "numerous" fields in the United States prior to March 10, 1996, as that phrase is undefined in context.

17. FieldTurf admits that it, its predecessor or another affiliated entity installed at least one synthetic grass field prior to March 10, 1996 that contains the characteristics recited in Paragraph 17. FieldTurf denies the remaining allegations of Paragraph 17.

18. FieldTurf admits that the synthetic turf fields it, its predecessors or affiliated entities installed in the United States prior to March 10, 1996 contained infill, but denies that any such installations were material to the patentability of the '412 patent.

19. FieldTurf admits that the installations it, its predecessors or affiliated entities installed prior to March 10, 1996 contained infill that exceeded 75% of the height of the ribbons. FieldTurf denies the remaining allegations of Paragraph 19.

20. FieldTurf lacks sufficient knowledge or information to form a belief as to the truth of the allegation of Paragraph 20, and therefore denies the same.

21. FieldTurf lacks sufficient knowledge or information to form a belief as to the truth of the allegation of Paragraph 21, and therefore denies the same.

22. FieldTurf lacks sufficient knowledge or information to form a belief as to the truth of the allegation of Paragraph 22, and therefore denies the same.

23. FieldTurf responds that the phrase "prior art" as used in this allegation is vague and undefined in context. FieldTurf interprets "prior art" as used in this allegation to mean prior art material to the patentability of any claims of the '412 patent. Based on the foregoing, FieldTurf denies the allegations of Paragraph 23.

24. FieldTurf responds that the phrase "prior art" as used in this allegation is vague and undefined in context. FieldTurf interprets "prior art" as used in this allegation to mean prior art material to the patentability of any claims of the '412 patent. Based on the foregoing, FieldTurf denies the allegations of Paragraph 24.

25. FieldTurf responds that the phrase "prior art" as used in this allegation is vague and undefined in context. FieldTurf interprets "prior art" as used in this allegation to mean prior art material to the patentability of any claims of the '412 patent. Based on the foregoing, FieldTurf denies the allegations of Paragraph 25.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Admitted.

31.     FieldTurf lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 31.  This Paragraph also contains allegations that are vague and undefined in context, and call for speculation on the part of FieldTurf.  Based on the foregoing, FieldTurf denies the allegations of Paragraph 31.

32.     Denied.

33.     FieldTurf admits that it has previously stated that some of its synthetic turf field installations contain 10 pounds of infill per square foot.  FieldTurf denies the remaining allegations of Paragraph 33.

34.     Denied.

35.     Admitted.

36.     FieldTurf admits that it has previously stated in a brochure:  "As compared to 3 pounds of ambient rubber found in most other artificial turf, each square foot of FieldTurf contains 7 pounds of silica sand plus 3 pounds of cryogenic rubber."  FieldTurf also admits that it has previously stated in a brochure:  "With only approximately 3 pounds of infill per square foot (versus the 10 pounds of infill per square foot of FieldTurf) excessive infill migration in all-rubber systems can result in only a thin layer of rubber remaining to protect the athlete from the concrete or gravel base."  FieldTurf denies the remaining allegations of Paragraph 36, including the allegation that FieldTurf has made any false or misleading statements.

37.     FieldTurf admits that it states on its website that "FieldTurf is 100% lead-free," and that "FieldTurf is the most vertically integrated company in the business."  FieldTurf further admits that it previously stated on its website that it is "[t]he first and only company in the synthetic turf business to own and operate its own manufacturing plant."  FieldTurf denies the

remaining allegations of Paragraph 37, including the allegation that FieldTurf has made any false or misleading statements.

38. Denied.

39. Denied.

40. FieldTurf responds that the allegations of this paragraph contain legal conclusions to which no response is required. These allegations further lack context, and contain no identifying information as to the alleged speaker, or the time or place of the alleged statements. It is therefore impossible to respond to these allegations. To the extent a response is nevertheless required, FieldTurf denies the allegations of Paragraph 40.

41. FieldTurf admits that the quoted portion of this allegation is a partial quote from a July 2, 2010 e-mail from Martin Olinger. FieldTurf further responds that the referenced e-mail speaks for itself. FieldTurf denies the remaining allegations of Paragraph 41, including any allegation that anything in the referenced e-mail was false or misleading.

42. FieldTurf admits that the quoted portion of this allegation is a partial quote from a July 14, 2010 letter from Marie-France Nantel. FieldTurf further responds that the referenced letter speaks for itself. FieldTurf denies the remaining allegations of Paragraph 42, including any allegation that anything in the referenced letter was false or misleading.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

## COUNT I
### Declaration of Non-Infringement of the '412 Patent

48.     FieldTurf re-alleges and incorporates by reference its responses to the allegations set forth in Paragraphs 1-47 of the Counterclaim.

49.     Denied.

50.     Denied.

51.     Denied.

## COUNT II
### Declaration of Patent Invalidity

52.     FieldTurf re-alleges and incorporates by reference its responses to the allegations set forth in Paragraphs 1-47 of the Counterclaim.

53.     Denied.

54.     Denied.

## COUNT III
### Declaration of Patent Unenforceability

55.     FieldTurf re-alleges and incorporates by reference its responses to the allegations set forth in Paragraphs 1-47 of the Counterclaim.

56.     Denied.

57.     Denied.

58.     Denied.

59.     FieldTurf admits that taking measurements of infill height after infill has settled is relevant, among other measurements, to proving AstroTurf's infringement of the '412 patent. AstroTurf's allegation that infill height of AstroTurf's infringing fields after the infill has settled is material to the patentability of the '412 patent claims calls for a legal conclusion to which no

response is required, and is incomprehensible in context. FieldTurf therefore denies the remaining allegations of Paragraph 59.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## COUNT IV
### Violation of Lanham Act pursuant to 15 U.S.C. § 1125, et seq.

66. FieldTurf re-alleges and incorporates by reference its responses to the allegations set forth in Paragraphs 1-65 of the Counterclaim.

67. FieldTurf admits that the allegations of Paragraph 67 accurately quote a portion of the Lanham Act. FieldTurf denies that AstroTurf is entitled to any relief under that Act.

68. This paragraph contains legal conclusions for which no response is required. To the extent a response is required, FieldTurf denies that AstroTurf is entitled to any relief under the Lanham Act, including an award up to treble damages, the profits derived from any alleged violation of the Lanham Act, costs of the action and/or reasonable attorneys' fees.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. This paragraph contains legal conclusions for which no response is required. To the extent a response is required, FieldTurf denies that AstroTurf is entitled to any relief under the Lanham Act, including injunctive relief.

## COUNT V
### Unfair Competition

75. FieldTurf re-alleges and incorporates by reference its responses to the allegations set forth in Paragraphs 1-74 of the Counterclaim.

76. Denied

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## COUNT VI
### Product Disparagement

84. FieldTurf re-alleges and incorporates by reference its responses to the allegations set forth in Paragraphs 1-83 of the Counterclaim.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

## COUNT VII
### Defamation

89. FieldTurf re-alleges and incorporates by reference its responses to the allegations set forth in Paragraphs 1-88 of the Counterclaim.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

### ASTROTURF'S PRAYER FOR RELIEF

Lettered Paragraphs A through H of AstroTurf's Prayer for Relief require no response. To the extent any responses are required, FieldTurf denies that AstroTurf is entitled to any of the relief requested in its Prayer for Relief.

### AFFIRMATIVE DEFENSES

For its Affirmative Defenses to AstroTurf's Counterclaims, FieldTurf states as follows:

### FIRST AFFIRMATIVE DEFENSE

AstroTurf's Counterclaims fail to state a claim upon which relief can be granted within the meaning of Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND AFFIRMATIVE DEFENSE

AstroTurf has and continues to infringe the claims of the '412 patent literally or under the doctrine of equivalents, and has and continues to willfully infringe those claims.

**THIRD AFFIRMATIVE DEFENSE**

The claims of the '412 patent are valid and enforceable.

**FOURTH AFFIRMATIVE DEFENSE**

FieldTurf has not engaged in any acts of unfair competition or unfair trade practices. FieldTurf has not made, nor acted in concert with those making, false or misleading statements that would allegedly subject them to liability under any unfair competition laws as alleged by AstroTurf.

**FIFTH AFFIRMATIVE DEFENSE**

FieldTurf has not engaged in unfair trade practices under the Lanham Act. FieldTurf has not made, nor acted in concert with those making, false or misleading statements that would allegedly subject them to liability under the Lanham Act.

**SIXTH AFFIRMATIVE DEFENSE**

AstroTurf's Counterclaims are barred, in whole or in part, because FieldTurf's conduct was in good faith and with non-willful intent at all times.

**SEVENTH AFFIRMATIVE DEFENSE**

AstroTurf's Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

AstroTurf's Counterclaims are barred, in whole or in part, by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

AstroTurf's Counterclaims are barred, in whole or in part, by the doctrine of waiver.

### TENTH AFFIRMATIVE DEFENSE

AstroTurf's Counterclaims are barred, in whole or in part, to the extent that FieldTurf's actions and speech are protected by the First Amendment of the Constitution of the United States.

### ELEVENTH AFFIRMATIVE DEFENSE

If FieldTurf is liable on any of the Counterclaims alleged by AstroTurf, which FieldTurf denies, then the fault of AstroTurf and its current or former employees should be evaluated in determining fault.

### TWELFTH AFFIRMATIVE DEFENSE

AstroTurf and its current or former employees engaged in conduct and activities that contributed in whole or in part to the alleged damages sought in connection with its Counterclaims, and have therefore waived any claims or demands, if any, against FieldTurf.

### THIRTEENTH AFFIRMATIVE DEFENSE

AstroTurf and its current or former employees engaged in conduct and activities that contributed in whole or in part to the alleged damages sought in connection with its Counterclaims, and are therefore estopped from asserting any claims or demands against FieldTurf.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent AstroTurf incurred any damages as alleged in its Counterclaims, which FieldTurf denies, those damages were directly and proximately caused by and/or contributed to by the statements, acts, and/or omissions of AstroTurf and/or third persons or entities and apart from FieldTurf, for which FieldTurf is not legally responsible. Therefore, the liability of all

responsible parties, named or unnamed, should be apportioned according to the relative degree of fault, and the liability of any defendant should be reduced accordingly.

## FIFTEENTH AFFIRMATIVE DEFENSE

AstroTurf's Counterclaims are barred, in whole or in part, because the alleged false statements at issue are literally truthful or truthful in the context in which they were made.

## SIXTEENTH AFFIRMATIVE DEFENSE

AstroTurf's Counterclaims are barred, in whole or in part, because the alleged statements at issue are non-actionable, in that they constitute opinion and are not capable of being objectively verified as true or false, lack a precise commonly understood meaning, and/or were allegedly made in a context in which there were no signals of objectively verifiable factual content.

## SEVENTEENTH AFFIRMATIVE DEFENSE

AstroTurf's Counterclaims are barred, in whole or in part, because recovery on such claims would result in unjust enrichment to AstroTurf.

## EIGHTEENTH AFFIRMATIVE DEFENSE

AstroTurf's Counterclaims are barred, in whole or in part, by AstroTurf's acquiescence and confirmation of any and all conduct and/or omissions alleged as to FieldTurf.

## NINETEENTH AFFIRMATIVE DEFENSE

AstroTurf's Counterclaims against FieldTurf are barred, in whole or in part, because any actionable conduct, if any, would have been committed by individuals acting *ultra vires*.

**TWENTIETH AFFIRMATIVE DEFENSE**

AstroTurf's Counterclaims are barred, in whole or in part, because the alleged statements at issue are not deceptive and do not have the tendency to deceive a substantial portion of customers.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

AstroTurf's Counterclaims are barred, in whole or in part, because some or all of the challenged statements, if made, constitute "puffery" and/or "negative puffery" and thus are not actionable as a matter of law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

AstroTurf's Counterclaims are barred, in whole or in part, because of AstroTurf's bad faith behavior.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

AstroTurf's Counterclaims are barred, in whole or in part, because the allegedly false aspects of the advertising claims at issue are not material to decisions of consumers regarding the purchase of synthetic turf products.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

AstroTurf's alleged damages, if any, should be reduced to the extent that AstroTurf failed to mitigate its alleged damages.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

AstroTurf's defamation and product disparagement Counterclaims are barred on grounds of privilege.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

AstroTurf's Counterclaims, in whole or in part, are barred by the statute of limitations.

**RESERVATION OF AFFIRMATIVE DEFENSE**

FieldTurf has insufficient knowledge or information upon which to form a belief whether it may have additional, yet unstated, affirmative defenses. FieldTurf hereby reserves the right to plead any additional and further affirmative defenses.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, FieldTurf USA, Inc. and FieldTurf Tarkett, Inc., request a judgment in their favor and against the Defendant, AstroTurf, and request that this Court:

A. Order, adjudge and decree that Defendant AstroTurf is not entitled to any of the relief sought in its Answer and Counterclaim;

B. Enter an Order dismissing each of Defendant AstroTurf's Counterclaims;

C. Order, adjudge and decree that Defendant AstroTurf has infringed the '412 patent;

D. Issue a preliminary and permanent injunction prohibiting Defendant AstroTurf and all of its representatives, agents, servants, employees, related companies, successors and assigns, and all others in privity or acting in concert with it, from infringing any claim of the '412 patent, including, but not limited to, further infringements by offering to sell, selling, installing, and/or directing the installation of any synthetic turf product that infringes any claim of the '412 patent;

E. Issue a preliminary and permanent injunction prohibiting Defendant AstroTurf and all of its representatives, agents, servants, employees, related companies, successors and assigns, and all others in privity or acting in concert with it, from modifying or in any way tampering with any existing synthetic turf fields installed by or on behalf of AstroTurf (or any of its predecessor's in interest) since April 20, 2004, by, in any way modifying fiber/ribbon height, spacing between rows of ribbons and/or depth of infill material—so as to avoid tampering with

potential evidence of additional infringements of the '412 patent not yet specifically identified in the present action.

  F.  Award damages for all infringements by Defendant AstroTurf of the '412 patent;

  G.  Declare this case as exceptional within the meaning of 35 U.S.C. § 285 and award FieldTurf its attorneys' fees, costs, and expenses that it incurs in prosecuting this action; and

  H.  Provide any further relief as this Court may deem equitable and proper.

## DEMAND FOR JURY TRIAL

FieldTurf hereby demands trial by jury on all issues so triable.


Dated September 20, 2010      Respectfully Submitted,

                WINSTON & STRAWN LLP

              By: /s/ Derek J. Sarafa
                Derek J. Sarafa (P-57088)
                Winston & Strawn LLP
                35 W. Wacker Dr.
                Chicago, Illinois 60601
                Phone: 312-558-5600
                Fax: 312-558-5700
                E-mail: dsarafa@winston.com

                *Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| FIELDTURF USA, INC., a Florida corporation; FIELDTURF TARKETT, INC., a Canadian corporation,<br><br>           Plaintiffs,<br>      v.<br><br>ASTROTURF, LLC., a Michigan limited liability company,<br><br>           Defendant. | Civil Action No. 2:10-cv-12492-SJM-MJH<br><br>Hon. Stephen J. Murphy, III.<br><br>Magistrate Judge Michael J. Hluchaniuk |

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2010, I caused to be electronically filed Plaintiffs' Answer to Defendant's Counterclaims, and this Certificate of Service with the Clerk of the Court using the ECF System, which will send notification of such filing to the following:

| | |
|---|---|
| Thomas E. Bejin (P56854)<br>RADER, FISHMAN & GRAUER, PLLC<br>39533 Woodward Avenue<br>Bloomfield Hills, MI 48304<br>Phone: 248-594-0600<br>Fax: 248-594-0620<br>E-mail: teb@raderfishman.com | Robert M. Kalec (P38677)<br>DEAN & FULKERSON, P.C.<br>801 W. Big Beaver<br>Suite 500<br>Troy, MI 48084<br>Phone: 248-362-1300<br>Fax: 248-362-1358 |

Jody L. Factor
Factor and Lake
1327 W. Washington Blvd., Suite 5G/H
Chicago, IL 60607
Phone: 312-226-1818
jfactor@factor-lake.com

By:   /s/ Derek J. Sarafa
Derek J. Sarafa (P-57088)
Winston & Strawn LLP
35 W. Wacker Dr.
Chicago, Illinois 60601
Phone: 312-558-5600
Fax: 312-558-5700
E-mail: dsarafa@winston.com

*Attorney for Plaintiffs*