GREGORY LINDSTROM, ESQ.
Phillips ADR Enterprises
2101 East Coast Highway, Suite 250
Corona del Mar, CA 92625
Phone: (949) 760-5280
Special Master

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| FIELDTURF USA, INC., a Florida corporation; TARKETT, INC., a Canadian corporation,<br><br>*Plaintiffs*,<br>v.<br><br>ASTROTURF, LLC., a Michigan limited liability company,<br><br>*Defendant*. | Civil Action No. 2:10-cv-12492-SJM-MJH<br><br>Hon. Stephen J. Murphy, III.<br><br>Magistrate Judge Michael J. Hluchaniuk |

**Report and Recommendation of Special Master Re Disposition of Oral Motions Regarding Documents Produced From Mr. Tomarin, Trial Testimony of Mr. Tomarin, and FieldTurf's Subpoena for Documents From Mr. Tomarin**

1. The report and recommendation of the Special Master is to grant Plaintiffs' Motion to Exclude the Tomarin Documents. The Tomarin Documents comprise the 52 pages (bates stamped TOMARIN-000001-000052) of documents produced just prior to the September 21, 2015 deposition of Mr. Tomarin and reflected in the transmittal emails attached as Exhibits 5, 6, 7 of AstroTurf's letter brief submitted September 23, 2015.

There are multiple grounds justifying exclusion of the Tomarin Documents. First, the Tomarin Documents were not on AstroTurf's trial exhibit list submitted with the Final Pretrial Order as required by Local Rule 16.2. Second, the Tomarin Documents were not listed in AstroTurf's invalidity contentions. Third, AstroTurf failed to include the Tomarin Documents among the prior art cited in its disclosure statement pursuant to 35 U.S.C. § 282.

In addition, without impugning Mr. Tomarin's intentions, the Special Master is concerned about the haphazard method the witness apparently used to select and produce documents, which raises questions about the trustworthiness of the designated materials. The Special Master is also concerned about the unfairness and prejudice that results from AstroTurf

effectively suppressing production of these same documents in early July 2015 by requesting that the Special Master quash the subpoena issued to Mr. Tomarin but now attempting to make affirmative use of the very same documents at trial. These two latter grounds, taken together, justify the exclusion of the Tomarin Documents under the residual exclusion of Federal Rule of Evidence 403.

   2. The report and recommendation of the Special Master is to deny Plaintiffs' Motion to Preclude Mr. Tomarin from Testifying at Trial. Mr. Tomarin was disclosed to Plaintiffs as a potential trial witness two times, once in AstroTurf's Second Supplemental Rule 26(a)(1) Disclosure, and later in its Final Pretrial Order submission. In addition, Mr. Tomarin has now been deposed by FieldTurf. FieldTurf has not carried the burden of showing sufficient grounds to preclude Mr. Tomarin from testifying altogether. He is not barred from testifying under 35 U.S.C. § 282 on a literal reading of the statute. Through its Rule 26(a)(1) disclosure, Astroturf effectively gave written notice to FieldTurf at least thirty days before trial that Mr. Tomarin was a person "who may be relied upon as the prior inventor or as having prior knowledge of or as having previously used or offered for sale the invention of the patent in suit."

        Based on Astroturf's proffer, Mr. Tomarin has relevant and admissible testimony on certain subjects, but certain limitations must be imposed. Mr. Tomarin is not an expert witness and shall not be permitted to give any legal conclusions on anticipation or obviousness. Nor shall he be permitted to offer any "back door" expert opinions as a lay witness. *Kjaer v. HGN, Inc.,* No. 206-CV-00103-KJD-PAL, 2010 WL 1052211, at *5 (D. Nev. Mar. 19, 2010) (holding Federal Rules of Civil Procedure 26 and 701 preclude any "back door attempt to admit testimony of an expert nature under the guise of lay opinion"). Mr. Tomarin may testify as a percipient witness as to facts pertaining to matters as to which he has personal knowledge, such as the fields he installed. Mr. Tomarin may also be examined about Exhibits 3 and 4 to AstroTurf's September 23, 2015 Letter Brief, plus the two Tomarin patents (Nos. 4,396,653 and 4, 497,953), which were produced to FieldTurf during the normal course of discovery. Mr. Tomarin may also testify regarding Jean Prevost, however, he may not offer any evidence impugning Mr. Prevost's character that would be prohibited by Federal Rules of Evidence 404 and 405. Finally, this report and recommendation is without prejudice to FieldTurf's ability to interpose objections to individual questions as they are presented during the direct examination of Mr. Tomarin.

   3. The report and recommendation of the Special Master is to grant in part and deny in part AstroTurf's Motion to Quash FieldTurf's Subpoena to Mr. Tomarin. The subpoena will be enforced with the following revision to the document request: "cell phone records, emails and all other communications with AstroTurf, STR, any other Peeples affiliated companies, and counsel for AstroTurf, since November 1, 2011." No documents shall be withheld on the basis of attorney client privilege that are dated prior to September 20, 2015, when Mr. Tomarin retained the Bejin Bieneman firm to represent him.. Any documents withheld on the basis of attorney client privilege dated on or after September 20, 2015 must be reflected in a privilege log and provided to FieldTurf. The subpoena is to be answered by September 27, 2015 at 5:00 PM EST.

APPROVED

Dated: September 25, 2015

                                                                                                        s/GPL  
                                                                                               Gregory Lindstrom  
                                                                                               Special Master