

35 W. Wacker Drive
Chicago, IL 60601
T +1 312 558 5600
F +1 312 558 5700

**KEVIN E. WARNER**
Partner
(312) 558-5852
kwarner@winston.com

July 5, 2017

**VIA ECF**
Judge Stephen J. Murphy, III
United States District Court for the Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 235
Detroit, MI 48226

      Re:   *FieldTurf USA, Inc., et al. v. AstroTurf, LLC*
             Case No. 10-cv-12492-SJM-MJH

Dear Judge Murphy:

      We write in response to the June 30, 2017 letter of Textile Management Associates, Inc. ("TMA") and Bryan and Thomas Peeples (jointly, "Proposed New Defendants"). FieldTurf respectfully requests that the Court deny their untimely request for unnecessary additional rounds of briefing. Several facts support denying additional briefing.

      First, the request for briefing is unquestionably and inexcusably late. FieldTurf filed the motion to which the Proposed New Defendants now want to respond on April 14, 2017. (Dkt. 484.) Any opposition to FieldTurf's motion was initially due on April 28, and FieldTurf agreed to AstroTurf's request to have until May 5 to respond. (Dkt. 486.) Neither TMA nor the Peeples brothers bothered to file anything on May 5, notwithstanding that they were represented by at least one law firm whose members asked for and received a copy of FieldTurf's motion the day it was filed. They never contacted FieldTurf about an opposition to FieldTurf's motion until an attorney for that law firm called FieldTurf on June 29—nearly two months after AstroTurf's deadline. TMA and the Peeples brothers thus had everything they needed on April 14 to brief an opposition to FieldTurf's motion and to request "guidance" from this Court on whether and how they may submit it. Instead, they sat on their hands.

      It is no excuse to say the Proposed New Defendants "recently retained" different counsel. TMA's counsel in the Georgia bankruptcy case—the Miller Martin law firm—has been arguing (without merit) since before FieldTurf filed its motion that TMA and the Peeples brothers should not be joined in this litigation. The Miller Canfield firm—one of the signatories of the June 30 letter—first appeared as Bryan Peeples' attorney *in this case* in February 2016, meaning his attorney immediately receives ECF notices of all motions filed. That includes FieldTurf's motion for leave to file the supplemental complaint. Yet no attorney ever contacted FieldTurf about filing a timely opposition to its motion, or sought FieldTurf's agreement to a reasonable extension for doing so in order for the other Proposed New Defendants to obtain new counsel. The time for such requests has long passed.



July 5, 2017
Page 2

Second, Proposed New Defendants' rationale for needing to submit a brief makes no sense. They claim they should be heard on "procedural defects" of FieldTurf's motion because of the self-described "limited focus" of AstroTurf's brief. But AstroTurf's 21-page opposition brief focused exclusively on procedural arguments against FieldTurf's motion. (*See, e.g.*, Dkt. 486 at 4–9 (arguing FieldTurf lacks good cause).) The notion that AstroTurf "did not have reason or incentive to develop" whatever new arguments the Proposed New Defendants want to make is false. The goal of AstroTurf's brief is the same as theirs: to convince the Court to deny FieldTurf's motion. Moreover, AstroTurf certainly could have included whatever arguments the Proposed New Defendants wanted to make if those arguments had any merit. TMA and the Peeples brothers *own* AstroTurf, and thus controlled the arguments in its opposition brief. They elected to leave these arguments out the first time. There is no reason the Proposed New Defendants should be allowed to make even more "procedural" arguments now when nothing relevant has changed since AstroTurf filed its opposition nearly two months ago.

The most reasonable conclusion in light of these facts is that neither TMA, the Peeples brothers, nor their alter ego, AstroTurf, ever thought the arguments that would be offered in additional briefing have any merit. The Proposed New Defendants' delay evinces the true purpose of their instant request: to prolong their formal joinder to this suit with wasteful and futile additional rounds of briefing. If they are granted leave to file an opposition to FieldTurf's motion, FieldTurf will need to reply to whatever brief they submit. And, given the repeated requests in this case by the Proposed New Defendants' alter ego, AstroTurf, they will likely request still more briefing to respond to FieldTurf.

As FieldTurf has had to argue many times in this case, it is time for the Defendants to stop stalling and proceed with the case. FieldTurf thus respectfully requests that the Court deny the Proposed New Defendants' tardy request for needless additional briefing.

Sincerely,

Kevin Warner

CC:  Patrick G. Seyferth, Thomas Cranmer, David DuMouchel, Donald Aho (by email)